## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JAMIE GLENN FARLEY,        )
                                     )
           Petitioner,       )
                                     )
v.                            )       Case No. CIV-19-370-PRW
                                     )
JOE M. ALLBAUGH, DIRECTOR,  )
                                     )
           Respondent.    )

## ORDER

On July 1, 2019, the United States Magistrate Judge issued a Report and Recommendation in this matter recommending that the Court:

(1) dismiss Counts One and Two of the habeas petition as untimely; and

(2) dismiss Count Three of the habeas petition because it fails to state a cognizable claim for federal habeas relief.

Petitioner Jamie Glenn Farley, proceeding pro se, was advised of his right to object[1] and he did so.[2] The Court must resolve his objections by "mak[ing] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[3] It then "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[4]

---

[1] *See* Report and Recommendation (Dkt. 10) at 6.

[2] *See* Obj. to Report and Recommendation (Dkt. 11).

[3] 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

[4] *Id.*

Petitioner objects to the Report and Recommendation's assessment that Counts One and Two are untimely because "he began to appeal when he was made aware of the fact that he had been denied a right he was supposed to have protected by his attorney, and the very courts that convicted him."[5] Petitioner argues that all other parties involved in his criminal proceedings—his attorney, the court, and the prosecution—should have known his constitutional rights were violated by his plea agreement that allegedly subjected him to double jeopardy.[6] Finally, Petitioner alleges that the statute of limitations bar "does not cause loss of . . . rights and protections in total," and a violation of double jeopardy is plain error that should not be ignored by the Court.[7][8]

But that is not how the state habeas statute of limitations operates; it only extends the start of the one-year statute of limitations for habeas relief past the date of final judgment in limited circumstances. Petitioner's limitations period began on April 24, 1996, and expired one year later on April 24, 1997, unless an exception to the general rule applies.[9]

One exception is found in 28 U.S.C. § 2244(d)(1)(D), which extends the statute of limitations to "the date on which the factual predicate of the claim or claims presented

---

[5] Obj. to Report and Recommendation (Dkt. 11) at 1.

[6] *Id*. at 3.

[7] Obj. to Report and Recommendation (Dkt. 11) at 2.

[8] No authority is cited to support any of these arguments.

[9] *See* Report and Recommendation (Dkt. 10) at 7 (*citing Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)).

could have been discovered through the exercise of due diligence."[10] The Tenth Circuit explains that "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts."[11] Petitioner does not allege that he just discovered that he was prosecuted for both shooting with intent to kill and possession of a firearm while committing a felony. Instead, he alleges that he did not understand the legal significance of these dual prosecutions until recently.[12] This is not a ground for extending the statute of limitations.[13]

The statute of limitations may also be extended for reasons inapplicable and unalleged by Petitioner here, like if the Supreme Court recognizes a new constitutional right or if an impediment to filing created by State action in violation of the law or Constitution of the United States is removed.[14] As a result, the Court's de novo review of Petitioner's objections affirms the Magistrate Judge's finding of untimeliness as to Counts One and Two, and the Court adopts the Magistrate Judge's factual findings and legal conclusions as to these counts.

---

[11] *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011).

[12] Obj. to Report and Recommendation (Dkt. 11) at 1–2.

[13] *See Klein*, 437 F. App'x at 684.

[14] *See* 28 U.S.C. § 2244(d)(1)(B)-(C).

A de novo review of the record also leads the Court to concur with the Magistrate Judge's factual findings and legal conclusions as to Count Three. Accordingly, the Report and Recommendation (Dkt. 10) is **ADOPTED** and Petitioner's motion is summarily **DISMISSED**.

**IT IS SO ORDERED this 28th day of October, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE